on behalf of the appellant. I'm sorry, can you say your name again? Krista Hart, on behalf of the appellant. Thank you. The main issue in this point, in this case, your honor, is whether the district court erred in denying the Rule 29 motion. In considering the trial transcript and all the evidence that was presented, the sole evidence linking Mr. Boyd, the defendant in this case, to the subject named in the prior convictions, is found at the bottom of page 127 of the trial transcript, wherein the government attorney asks the officer, after you saw Mr. Boyd, later you identified him as William Boyd, is that correct? Correct. That's the sole evidence linking the appellant in this case to the prior convictions. Okay, I think, but let's just say, how do you get around a Ninth Circuit case, Pasterchik? Pasterchik is distinguishable on several bases. First, in Pasterchik, there is no distinction between the two names at all. The name Michael Pasterchik in the Montana conviction is identical to the name Michael Pasterchik, which was presented at trial. Second, what the Ninth Circuit found was that, especially because the defendant did not object to the admission of the Montana prior, they held that they were bound to follow precedent and find that the similarity in names was sufficient. And finally, in Pasterchik, that's posturally different. Pasterchik, it appears, did not make a Rule 29 motion. So Pasterchik is different, distinguishable on those three bases. Okay. Now, first of all, the name similarity, in this case, the prior conviction was William Boyd, Roman numeral 3. Correct. And the defendant in this case is William Boyd. Correct. And you say that is the difference. Correct. Okay. That is a substantial difference between the fact pattern of Pasterchik. Great. Before you go on to the argument. And the other thing as to the objection or lack of objection, the objection here was on the ground of hearsay, I believe. Is that right? It was made on three bases, lack of foundation, authentication and hearsay. But it didn't have anything to do with relevancy. Nobody objected for relevancy. That is correct. And the objections were wrong. The document was admissible. So just because a proper objection was made, doesn't seem to be much of a difference as to whether no objection is made. I mean, whether an improper objection is made as opposed to no objection being made. Shouldn't be any difference there. The Pasterchik holding seems to, however, place some significance on that, in that it seems that in the Pasterchik case, it's not until well after the case is over that they come up with this argument, versus in the heat of the trial. At the moment, this objection was being made at the admission of the evidence during the Rule 29 motion at the close of the government's case. So this was brought to the Court and counsel's attention contemporaneous to the evidence being admitted. Once it's admitted, it's properly authenticated, it's admitted, it is relevant because of the admission gives it some sanctity of relevancy. Now, you've got a relevant conviction, and the point is, well, if you require the defendant to somehow or another dispel the properly admitted relevant conviction, is that really wrong? Although other circuits seem to say, yeah, it's wrong. I do believe it is wrong, because when the district court issued its Rule 29 motion ruling at the close of the government's case, it indicated that for some reason it thought the defense should present some evidence to contradict the government's evidence, when, in fact, the government has the ultimate burden of proof, and the defense has no burden to present any evidence. And all the government had presented was an officer testifying that the individual sitting at counsel table was named William Boyd, and then the records of conviction. Counsel put the indictment in which was said William Boyd, aka William Boyd III. It says aka William Boyd III, but there's no evidence where the aka came from. But isn't that – but whether you agree with it or not, wasn't that part of the evidence that the court considered on the Rule 29? That's not admitted into evidence for the jury to consider, no. I don't believe that that's an exhibit that goes into the jury room. And the Rule 29 motion is based on the evidence presented at the trial, not on the other files and records in the case. But we'd have to – you agree we'd have to kind of get around Pasterchik to come to what you argue is the appropriate ruling in this case. I agree. And I believe that Pasterchik is distinguishable on those three bases. And if it's not? If it's not, then Pasterchik is controlling in this case, and it may take the next step before this court en banc or another court will change. Yeah. Okay. And also, one thing I wanted to address, Your Honor, that you brought up as far as authentication, regarding whether the document was sufficiently authenticated, I made that objection at trial, and I briefed it. The one thing I wanted to point out is that of the three cases that the government relies upon in countering our position that Skipper from the Fifth Circuit is actually the correct rule of law. In all of those cases, there was other evidence that was presented at the trial. In Huff Hines, there was fingerprint evidence that was presented that linked the person sitting at counsel table with that prior conviction. In Whelan, there was fingerprints and photographs that were presented to link the individual sitting at trial with that prior conviction. Likewise with Dancy, fingerprints. I don't think anyone would disagree with you that the other circuit cases have more. But I'm saying in Huff Hines and Whelan, they're both Ninth Circuit cases, and it's difficult to tell from their holdings if the court considered that before authenticating the document and admitting it. If we can move to another issue for just a moment, with respect to your claim of prosecutorial misconduct, the record on the argument is pretty heavily excerpted. Was there a cautionary instruction given? No. All right. So the first objection was sustained, and that was it, and the argument proceeded from that point? Correct. Okay. Would you like to reserve the balance of your time for rebuttal? Thank you. Thank you. Thank you. If it pleases the Court, my name is William Wong. I'm an assistant U.S. attorney from the Eastern District of California. Did you try this case, Mr. Wong? Yes, I did. You were the trial lawyer? Yes. You were the trial lawyer? Yes, I was. Why didn't you? I mean, is there any reason why you didn't put on some evidence to connect this void with the prior conviction? Well, I could answer that, Your Honor, but it would be outside of the record. I'm not sure that's appropriate. Okay. Don't answer it. You want the answer to that? No. Okay. First of all, let me say that the certified copies of the court documents are self-authenticating under Federal Rules of Evidence 902.4, therefore, they're admissible. Secondly, my concern is defendants' reply brief raises a new issue, something that they did not preserve at trial. Did they not raise it before the district court? Did they not raise it in their opening brief here? Is this the relevancy issue? No. What they're saying there is this. They're saying that the person in court was not identified as William Boyd. And that's what they said for the first time. While in court, they basically acquiesced to the fact that that is William Boyd, William Boyd III. The grand jury found an indictment that charged William Boyd, also known as William Boyd III. As the court knows, at every initial appearance, the defendant is asked, is that your true name, William Boyd, also known as William Boyd III? The answer is yes. Throughout the entire proceedings, he never denied that that's him. And for the very first time in the reply brief, this issue comes to play. And this is not fair because the district court has never had a chance to rule on that. It was an issue that could have been taken care of at the district court level. The government has never had the opportunity to address that in its brief and it's raised for the very first time. I think counsel's suggestion was, although the judge may have known of the William Boyd III in the prior judgment and conviction documents, that this is evidence that the jury would not have been aware of in the trial below, that there was no reference to the defendant as William Boyd III or William Boyd, a.k.a. William Boyd III. Can you elaborate on that? No. The document indicates it's William Boyd III and he's charged in the indictment as William Boyd, also known as William Boyd III. You're talking about the indictment now? But the indictment doesn't go into evidence. No, but it's read to the jury. Well, it's read to the jury, but that's not evidence when it's read to the jury, is it? The evidence, I mean, that's done in a sense before a jury is even sworn and before they hear any evidence. That's correct, Your Honor. But throughout the trial, even counsel for the defendant refers to the defendant as William Boyd III. I believe it's on page... Well, but counsel's statement aren't evidence either. I mean, essentially, what's the evidence on the Rule 29? And does Pasterchik, can it be distinguished or is it dispositive? I think it's dispositive because the law is established in the Ninth Circuit since the Chung-Yung Chu case in 1962 that the similarity in names is enough, it suffices, absent any evidence that contradicts that. In this particular case, there was no evidence presented at trial to contradict the fact that this is the same William Boyd III. Nothing was presented. It was simply argument by the defendant. That was it. What do you get from the fact that it became this prior conviction is relevant in this case? Not only is it admissible in evidence, but it's relevant. The only way it can be relevant, I suppose, is because it tends to show that this is the person who was convicted before. Right. I addressed that in my brief, Your Honor. The relevancy is the similarity in names. We're not just talking about just William Boyd or Williams with no middle name Boyd, but it's William Boyd III. That greatly reduces the pool of individuals that this person could be. When you couple that with the absence, and that's the key here, the absence of any evidence to rebut that, that's what this jury has to consider. There is no evidence whatsoever presented at trial by the defense that contradicts that that's the person named in the certified copies of the priors. You mentioned that a couple of times during the argument. That's a nice segue into the last issue here of there being a crossing of the line by you during the argument. In a close case, the argument more or less gets a bit of an elevated scrutiny. You've cited the Castillo case as the case closest to support your position. I would agree that what occurred in the Castillo case by way of argument from the in this case, but didn't this court criticize what was done in Castillo? Well, the rule still is we have not crossed the line here. This is not a Griffin error. The government has a right to point out the fact that the defendant has not produced exculpatory evidence. That's okay. It's always been sanctioned by the Supreme Court as well as I think all the circuits allow that. I can't think of any circuit that says that's not a proper way of doing it. Whether or not it's been criticized, that may be the case. But in Castillo as well as in this particular case, the government had a right to comment on any absence of exculpatory evidence. The defense has a right to subpoena process just like the government does. It can produce any evidence whatsoever, and it chose not to do that. And this case relied on that because we have a document that says William Boyd III. They offered no rebuttal evidence to that. So that is a point that had to be drawn out. Well, probably what I would consider to be the comment that would be the strongest for the appellant would be the final comment. But if this was not William Boyd III, that defendant right here, I submit to you that there would be plenty of evidence of that. So that, I would agree with you on the others. It's talking about, you know, that's not commenting on the defendant's right. But when you point at him right here, that would be the closest one. So how do you respond on that? That still doesn't refer to his silence. It refers to evidence. And Griffin deals with testimonial evidence or testimony from the defendant himself. We're not talking about evidence from the defendant. We're talking about any type of rebuttal evidence. And it's fair play at any trial to refer to the lack of evidence. And that's what the government did in this case. Well, you can refer to the lack of evidence, but I'm going to go right to the Castillo language itself. And the issue in Castillo was whether or not the defendant was residing at a particular location. And basically the government indicated that if the defendant had not been residing at that location, you would have heard evidence of that. The defendant would have called the apartment manager or what have you. Castillo went on to say with respect to that statement, we want to make clear that this panel of three judges does not condone or approve the government's argument in this case. Any comment on the absence of defense evidence beyond pointing out that the government's proof is uncontradicted risks speculation by a juror that the defendant must be guilty or else he would have testified. You can substitute, I guess, the phrase or else he would have produced evidence, which seems to dovetail with what occurred here. It doesn't seem Castillo helps you. Well, it's close, but I still think that the comment here was directed toward the absence of evidence, not testimony by the defendant. And that, I think, is a distinguishing point that I would make here. Clarify to me what objections were there. Were there objections to each of the four comments? No. I believe the objection as to the first one, and I submit the district court was wrong there. We talked about it. It was sustained, right? It was sustained, and I think the district court was incorrect in sustaining that. The government didn't argue that point. It went on. But other than that, I don't recall any other objections made by the defense. And were there any requests for any sort of curative instructions? No, there was not. Or anything of that sort. The last two comments the government made, that counsel referred to, were invited responses to their statements about counterfeit ammunition, and that was invited by the defense. All right. Anything further? Thank you. Thank you. As far as issues not being raised and being surprised here at argument, I believe the issue concerning the Rule 29 motion, whether there was any evidence presented that the individual sitting at counsel's table was replete throughout the jury trial and was raised in this brief, in my opening brief. So I don't believe that there's any surprise here. As to the comments about the failure to testify, I think the comments went well beyond simply that the government's evidence was uncontradicted. It's comments like, if it existed, you bet it would be here, which is implying that there is evidence out there, and if it did exist, it would be here. Well, why isn't that a fair comment? I mean, you can comment on the lack of exculpatory evidence presented on. And, you know, I think particularly where the claim of the counterfeit, but that I think that the ammunition found in Boyd's possession could have been counterfeited, well, that pretty much invites a response. So where's the evidence of it? I agree with that one. It does go more to the identification of the defendant, though, because that is something that would be in large part something that the jury would expect from the defendant, like the Castillo case. So in that context, I believe that that went beyond what's acceptable. And I believe that going back to the name, and in Pasterchik, what we have here is not similar names. We have William Boyd and William Boyd III, which are distinctly different. William Boyd is not that unusual of a name. These are different jurisdictions, different counties. The conviction was from Alameda County. The arrest occurred in Sacramento County. So I believe that the similarities aren't here, like they are in Pasterchik and the cases upon which Pasterchik relies. Was there any evidence put before the jury, either by way of the documentation on the old convictions or by a reference to the defendant as William Boyd III, at any time during the trial that you recall? No. You're sure of that? Yes. The convictions name William Boyd III, specifically. And the only evidence presented at trial was what was on the bottom of page 127, where counsel for the government asked the attorney, and you identified him as William Boyd. The officer says yes, and that's it. He's referred to Mr. Boyd thereafter. Thank you. Thank you.
judges: Thompson, Callahan, Miller